**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
CHRISTOPHER SMALL,                  :
                                    :
          Plaintiff,                :   Civ. No. 20-15082 (RMB)(AMD)
                                    :
     v.                             :
                                    :
NEW JERSEY DEPARTMENT OF            :   OPINION
CORRECTIONS, et al.                 :
                                    :
          Defendants.               :
_____:

BUMB, District Judge

I. INTRODUCTION

Plaintiff, Christopher Small ("Plaintiff" or "Small"), is a state prisoner currently incarcerated at the South Woods State Prison ("SWSP") in Bridgeton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983 and under state law. (*See* Compl., Dkt. No. 1.) Plaintiff's application to proceed *in forma pauperis* ("IFP") (*see* IFP Appl., Dkt. No. 1-1) is granted.

At this time, this Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is

immune from suit. For the following reasons, Plaintiff's complaint shall proceed in part.

II. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. FACTUAL BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names five defendants in this action; namely: (1) the New Jersey Department of Corrections ("NJDOC"); (2) Marcus O. Hicks – Commissioner of the NJDOC; (3) John Powell – Administrator of SWSP; (4) Officer

4

Cortez – Senior Corrections Officer; and (5) John Does 1 & 2[1] – Cortez's supervisors. Plaintiff is an African-American male. His state criminal sentence is currently on appeal. On several occasions from January 2020 to the present, Plaintiff alleges he has been turned away from using the SWSP law library by Cortez. According to Plaintiff, Cortez's duty station within SWSP gives him the ability to grant or deny inmates access to SWSP's law library. This lack of access has prevented Plaintiff from participating in his criminal appeal. Cortez routinely lets Hispanic inmates use the law library, however, Plaintiff alleges Cortez denies African-American and Caucasian inmates from using the law library.

    Plaintiff alleges Cortez's superiors – John Does 1 and 2 have been notified that Cortez has used racial epithets and slurs against African-American and Caucasian inmates and is verbally abusive towards them. Plaintiff further states complaints against Cortez are known to Powell but he has refused to act. Finally, Plaintiff states Hicks would have had knowledge that Cortez has repeatedly been transferred from assignment to assignment due to complaints and misconduct.

---

[1] The caption on CM/ECF does not include these two John Doe Defendants, however, the body of Plaintiff's complaint makes clear that he intends to sue them as well.

Plaintiff brings four causes of action in his complaint. First, Plaintiff alleges his federal constitutional right of access to the courts has been violated. Plaintiff's second cause of action is a related access to courts claim under state law. Third, Plaintiff alleges his federal equal protection rights have been violated. Plaintiff's fourth and final cause of action is a corresponding equal protection claim under state law. Plaintiff seeks injunctive and monetary relief.

IV. DISCUSSION

A. <u>NJDOC</u>

Plaintiff names the NJDOC as one of the Defendants. To be liable within the meaning of § 1983, a defendant must be a "person." *See, e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). It is well established, however, "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71; *see also Duran v. Merline*, 923 F. Supp. 2d 702, 2013 WL 504582 at *20, n. 4 (D.N.J. 2013) (citing *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 539 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983)); N.J. Stat. Ann. § 30:1B-2 (establishing "in the Executive Branch of the State Government a principal department which shall be known as the Department of Corrections"). Similarly, the NJDOC is not a proper party under the New Jersey Civil Rights Act ("NJCRA") as only "a person

6

acting under color of law," is a proper defendant under the NJCRA. *See* N.J. Stat. Ann. § 10:6-2(c); *see also Didiano v. Balicki*, 488 F. App'x 634, 638-39 (3d Cir. 2012) (holding that NJDOC is not a person under the NJCRA and thus cannot be sued under the NJCRA and affirming grant of summary judgment on Section 1983 and NJCRA claims in favor of NJDOC and NJDOC official sued in official capacity for damages). Accordingly, Plaintiff's claims against the NJDOC are dismissed with prejudice for failure to state a claim upon which relief may be granted against this Defendant.

  B. Access to Court Claims

Plaintiff alleges under both federal and state law that his right to access the courts has been violated by Cortez's actions in preventing him from using the law library. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). There are two types of access to courts claims, backward and forward looking.

> Forward-looking claims involve official action that "frustrates a plaintiff ... in preparing and filing suits at the present time." [*Christopher v. Harbury*, 536 U.S. 403} at 413, 122 S. Ct. at 2185 [(2002)]. The object of this type of suit "is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413, 122 S. Ct. at 2186. Backward-looking claims involve those allegations that

7

"cannot now be tried ... no matter what official action may be in the future." *Id.* at 414, 122 S. Ct. at 2186. "The ultimate object of [backward-looking] claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.* at 414, 122 S. Ct. at 2186.

Whether the claim is forward or backward looking, the elements of both claims are the same. A plaintiff raising an access-to-courts claim must plead: (1) a "nonfrivolous," "arguable" underlying claim; (2) the official acts obstructing the litigation; (3) "a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415, 122 S. Ct. at 2187. Plaintiff must make out the denial-of-access elements against each defendant in conformance with the requirements of § 1983. *Id.* at 416, 122 S. Ct. at 2187; *see also Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). Conclusory allegations are not sufficient in this regard. *Johnson v. Cash*, 557 Fed. Appx. 102, 104 n.3 (3d Cir. 2013) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949). "[P]risoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and must describe the 'lost remedy.'" *Monroe*, 536 F.3d at 205–06. The United States Supreme Court has explained that in the context of alleging the underlying claim that the plaintiff was prevented from pursuing, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued [.]" *Harbury*, 536 U.S. at 417-18, 122 S. Ct. at 2188 (footnote omitted).

*Sloan v. Murray*, No. 11-0994, 2017 WL 3495190, at *7 (M.D. Pa. Aug. 10, 2017); *see also Crisano v. Grimes*, No. 19-1612, 2021 WL 120943, at *12 (E.D. Va. Jan. 12, 2021) (noting in either a forward looking or backward looking access to courts claim, "the underlying cause of action, whether anticipated or lost, *is an element that must be described in the complaint*, just as much as allegations must describe the official acts frustrating the litigation.") (emphasis in original).

In this case, Plaintiff fails to state with any facial plausibility the claims he has been prevented from bringing in his underlying criminal appeal due to Cortez's action. Accordingly, Plaintiff fails to state a claim upon which relief may be granted on his federal access to courts claim.

Additionally, Plaintiff's access to court's claim under state law also fails to state a claim. The NJCRA gives a cause of action to "[a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State[.]" N.J. Stat. Ann. § 10:6-2. New Jersey courts have interpreted the NJCRA analogously to Section 1983. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). Thus, for the same reasons Plaintiffs' Section 1983 access to courts claim fails,

9

his state law access to courts claim also fails to state a claim. These claims are dismissed without prejudice.

   C. Cortez

As Plaintiff's access to courts claims have been dismissed, the only remaining claims are Plaintiff's claims alleging his equal protection rights have been violated under federal and state law. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates. *See Williams v. Macut*, 677 F. App'x 40, 41 (3d Cir. 2017) (citing *Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992)).

Plaintiff's allegations have sufficiently stated an equal protection claim against Cortez under federal and state law. He alleges membership of a protected class on account of his race, African-American. Furthermore, he alleges he was treated differently from similarly situated inmates – Hispanic inmates – by Cortez, in using SWSP's law library. Accordingly, Plaintiff's

equal protection claims under both state and federal law against Cortez shall proceed past screening.

D. <u>Hicks</u>

Plaintiff states Hicks, as Commissioner of the NJDOC, would have had knowledge that Cortez has repeatedly been transferred from assignment to assignment due to complaints and misconduct. With respect to supervisors, the United States Court of Appeals for the Third Circuit has

> recognized that "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted).

*Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *see also A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). More specifically:

> supervisory liability "may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or if the supervisor's actions and inactions were 'the moving force' behind the harm suffered by the plaintiff." *Jackson v. Taylor*, 2006 WL 2347429, at *2 (D. Del. 2006).

11

> A defendant could be held liable for personal involvement, but for there to be personal involvement, "[a]negations of participation or actual knowledge and acquiescence...must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).
>
> As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *See Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dept. Of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In *Iqbal*, the Supreme Court held that "[b]ecause vicarious or supervisor liability is inapplicable to...§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Thus, each government official is liable only for his or her own conduct. The Court rejected the contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates conduct. See *id*, 129 S. Ct. at 1949.

*Szemple v. Rutgers*, No. 10-5445, 2016 WL 1228842, at *5 (D.N.J. Mar. 29, 2016).

Plaintiff's complaint is devoid of allegations regarding a pattern or practice that would potentially make Hicks liable under that theory. Furthermore, he fails to allege with any facial plausibility that Hicks participated in violating Plaintiff's rights or directed others to violate Plaintiff's rights. Plaintiff's allegations that Hicks had knowledge that Cortez has repeatedly been transferred and reassigned due to his

12

misconduct is conclusory and insufficient to state a claim against Hicks with any facial plausibility. Accordingly, Plaintiff's equal protection claims under both federal and state law against Hicks will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

   E. Powell, John Does 1 & 2

Finally, this Court must examine whether Plaintiff has sufficiently stated a claim against Powell – the Administrator of SWSP, and John Does 1 & 2 – Cortez's supervisors. Plaintiff's claims for monetary damages against these three defendants suffers from similar defects as does his allegations against Hicks. Namely, he fails to state with any facial plausibility besides conclusory allegations that these defendants had knowledge of Cortez's actions. It is also worth noting that Plaintiff's allegations that John Does 1 and 2 had knowledge of Cortez's use of racial epithets and slurs, even if not conclusory, would not state a claim upon which relief could be granted. Indeed, "'[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution.'" *Gannaway v. Berks Cnty. Prison*, 439 F. App'x 86, 91 (3d Cir. 2011) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)); *Mugavero Town of Kearny*, No. 12-2439, 2013 WL 3930120, at *3 (D.N.J. July 30, 2013) ("[R]acially discriminatory statements, racial slurs, and racial epithets, on

13

their own, fail to establish liability under section 1983.") (citations omitted).

Thus, Plaintiff's equal protection claims against these three Defendants for monetary damages are dismissed without prejudice for failure to state a claim upon which relief may be granted.

However, Plaintiff also sues for prospective injunctive relief. A particular defendant's lack of personal involvement in past constitutional violations does not preclude a plaintiff from obtaining prospective injunctive relief from him for ongoing violations. *See Parkell*, 833 F.3d at 332. "In seeking a prospective injunction . . . [a prisoner-plaintiff] is required to name an official or officials 'who can appropriately respond to injunctive relief.'" *Id.* (quoting *Hartman v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013)); *see also Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (per curiam) ("If [plaintiff] was seeking only damages, the warden's lack of personal involvement would be conclusive, but since [plaintiff] also seeks injunctive relief it is irrelevant whether the warden participated in the alleged violations.") (citations omitted). Because Plaintiff also seeks injunctive relief, and alleges the equal protection violations by Cortez are ongoing, this Court will permit his equal protection claims

14

against Defendants Powell and John Does 1 & 2[2] for injunctive relief to proceed past screening.

F. CONCLUSION

For the foregoing reasons, Plaintiff's complaint shall proceed in part. Plaintiff's claims against the NJDOC are dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's access to courts claims against the remaining Defendants under federal and state law are dismissed without prejudice for failure to state a claim. Plaintiff's equal protection claims against Defendant Hicks are dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's equal protection claims for monetary damages against Defendants Powell and John Does 1 & 2 are dismissed without prejudice for failure to state a claim, but shall proceed against these three Defendants for injunctive relief. Finally, Plaintiff's equal protection claims against Defendant Cortez shall proceed past screening. An appropriate order will be entered.

DATED:  April 12, 2021                       s/ Renée Marie Bumb
                                             RENÉE MARIE BUMB
                                             United States District Judge

---

[2] John Does cannot be served with process. Plaintiff shall have to file an amended complaint naming these two John Doe supervisors once they are discovered so they can be properly served the summons and complaint should he wish to proceed with this suit against them.